UNEMPLOYMENT COMPENSATION COMMISSION OF MISSISSIPPI
*v.* BARLOW.

(In Banc. March 24, 1941.)

[1 So. (2d) 241. No. 34599.]

**Lyle V. Corey,** of Meridian, for appellee, on motion to dismiss appeal.

**Harry M. Bryan** and **Henry Edmonds**, both of Jackson, for appellant, on motion to dismiss appeal.

Henry Edmonds and Harry Bryan, for appellant, on merits.

**Lyle V. Corey,** for appellee, on merits.

Argued orally by **Harry M. Bryan** and **Henry Edmonds**, for appellant, and by **Lyle V. Corey,** for appellee.

ON MOTION TO DISMISS APPEAL.

**Alexander, J.,** delivered the opinion of the court, on motion to dismiss appeal.

Appellee's claim for benefits under the Unemployment Compensation Law (Ch. 176, Laws of 1936, as amended by Chapter 3 of first extraordinary session of 1936, Chapter 147 of the Laws of 1938 and Chapter 295 of the Laws of 1940), after passing through the several intermediate channels provided by the act, was heard by the board of review [Sec. 6(e)], and there disallowed.

Section 6(h) of the Act provides: "Any decision of the board of review in the absence of an appeal therefrom as herein provided shall become final ten days after the date of notification or mailing thereof, and judicial review thereof shall be permitted only after any party claiming to be aggrieved thereby has exhaused his administrative remedies as provided by this act. The commission shall be deemed to be a party to any judicial action involving any such decision, and may be represented in any such judicial action by any qualified attorney employed by the commission and designated by it for that purpose, or at the commission's request by the attorney general."

Appellee thereupon, pursuant to subsection (i) thereof, sought "judicial review thereof by commencing an action in the circuit court" of Lauderdale county. Such action resulted in a reversal of the order of the board of review, and the claim for benefits was ordered paid. An appeal therefrom was taken to this court under authority of said subsection (i) which includes a provision that: "An appeal may be taken from the decision of the circuit court of the county in which the plaintiff resides to the supreme court of Mississippi, in the same manner, but not inconsistent with the provisions of this act, as is provided in civil cases." Appellee contends that the Commission is without right of appeal to this court, and moves for dismissal of such appeal. Appeal from the board of review

to the circuit court is available also to the Commission under subsection (j), which provides that "The commission shall be authorized to appeal from decisions of the board of review involving questions of interpretation of this act." Wherefore, we hold that under Section 6(i), Ch. 295 of the Laws of 1940, pp. 499, 501, the Unemployment Compensation Commission of Mississippi has the right of appeal to the Supreme Court from any judgment against it by the circuit court. Such view renders it unnecessary to ground such right upon Section 13 of the Code of 1930 providing for appeals to the Supreme Court from any final judgment of a circuit court in a civil case.

But movant urges further that if such appeal is available to the Commission, it is subject to the condition that the benefits allowed by the circuit court should first be paid. Appellee cites the concluding provision of said subsection (i): "A petition for judicial review shall not act as a supersedeas or stay unless the board of review shall so order," and the proviso in subsection (j) "provided, however, that such an appeal by the commission under this subsection shall not have the effect of denying benefits to any claimant who has been awarded benefits by virtue of the decision of the board of review from which the appeal is taken." Assuming that both the quoted provisions apply to appeals to this court, we cannot hold that payment of awarded benefits is prerequisite to such appeal, but that there is provided merely an appeal without supersedeas.

Motion denied.

### On the Merits.

**McGehee, J.**, delivered the opinion of the court, on the merits.

The question here presented for decision arises under the Mississippi Unemployment Compensation Law, chapter 176, Laws 1936, as amended by chapter 3, Laws of

First Extraordinary Session of 1936, chapter 147, Laws 1938, and chapter 295, Laws of 1940. The appeal is from a judgment of the Circuit Court, reversing a decision of the Board of Review created by said statutes, and directing the Board of Review to enter an order allowing weekly compensation at $15 for a period of fourteen weeks in favor of the appellee. Not having registered for work or filed his claim for benefits in the manner, and within the time, required by law, the appellee claims the right to have his application dated back about eighteen months to a time when he presented himself at the local employment office at Meridian to register for work and file a claim, and was erroneously advised by an unidentified employe in the reception room at the office that it would be necessary for him to apply to the Tennessee Unemployment Compensation Commission in order to obtain unemployment compensation.

For several years prior to May 5, 1938, the appellee had been employed by a life insurance company of Memphis, Tennessee, as district manager, with an office at Meridian, Mississippi, with a number of agents and other employes under his supervision. His employment with the company was terminated on May 4, 1938; whereupon he sought information from an attorney as to his right to obtain compensation under the Mississippi Unemployment Compensation Law, chapter 176, Laws 1936, as amended. The attorney advised him, as almost any other attorney not connected with the administration of this law would have done, that he was not familiar with the law, and sent him to the local office of the Unemployment Compensation Commission. The appellee claims that he then went to this office, presented his social security card to one of the ladies in the front office, who read the card and told him that he would have to get his compensation benefits from the state of Tennessee, as his employment was in that state. He told her he thought his company had made contributions to the Unemployment Compensation Fund in Mississippi, where he had

been working, but the lady still thought that the information she had given him was correct.

It was not shown that the lady referred to, whoever she may have been, had any authority either to advise claimants in regard to their right to the benefits sought, or to waive any of the conditions prerequisite to an allowance thereof. Moreover, the only reasonable inference to be drawn from the record before us is that the lady was merely a receptionist in the office. The appellee does not claim to have asked for the manager, or anyone else in authority, but left the office after showing his social security card to the lady in the reception room, and reported to his attorney that he had been advised at the office that he would have to take the matter up with the Unemployment Commission of Tennessee. It was then determined that this course would not be taken until after the attorney should conclude a contemplated suit against the employer of the appellee for alleged breach of his contract of employment. That matter was finally terminated during October of that year, but the appellee made no effort during the next several months either to contact anyone in authority at the local office, or at the central office of the Mississippi Unemployment Compensation Commission at Jackson; nor did he ever communicate with the Commission in Tennessee in regard to the matter.

Finally, in October, 1939, he learned through a former fellow employe that he could collect unemployment benefits in Mississippi, whereupon he filed a claim with the local office at Meridian for the fourteen weeks' compensation here involved; but which claim could not be allowed for the reason that it had not been filed within the required time subsequent to the termination of his employment on May 4, 1938. However, the claim was referred by the Claim Examiner to the Referee, who permitted it to be dated back to May 5, 1938, and allowed the same, on the ground that the appellee had presented himself on that date at the local employment office for the pur-

pose of filing his claim for benefits, and was misinformed as to his rights in the premises.

The cause was then appealed by the Claim Examiner to the Board of Review, which, after a full hearing, reversed the decision of the Referee and disallowed the claim. Thereafter a judicial review was obtained in the Circuit Court upon the record made before the Board of Review. That court held that when appellee presented himself to register for work, and to make a claim for benefits at the employment office, his action in that behalf constituted the legal equivalent of a registration for work and filing a claim on the form prescribed for that purpose; and the decision of the Board of Review was therefore reversed and the decision of the Referee reinstated, allowing the claim at $15 a week for a period of fourteen weeks, as if filed on May 5, 1938.

Section 4, chapter 176, Laws 1936, provides that: ''An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found by the commission that: (a) He has made a claim for benefits in accordance with the provisions of section 6(a) of this act. (b) He has registered for work at the employment office designated by the commission within such time limits and with such frequency and in such manner (such as in person or in writing) as the commission may by general rule prescribe, . . .''

Section 6(a) provides, among other things, that ''Claims for benefits shall be made in accordance with such rules as the commission may prescribe, at the employment office nearest either to the individual's place of residence or to the place of his most recent employment. . . . An employer shall give to each of his employees at the time such employee becomes totally unemployed, a printed statement of the rules prescribed by the commission relating to the filing of claims for benefits. Such printed statements shall be supplied by the commission to each employer without cost to him.''

It was not shown that the employer of the appellee

failed to furnish him the printed statement of rules prescribed by the commission relating to the filing of claims for benefits.

It is well settled that the Legislature has the power to delegate to an administrative agency the right to promulgate such reasonable rules and regulations as might be necessary to accomplish the purposes for which the agency is created. Abbott v. State, 106 Miss. 340, 63 So. 667; United States v. Grimaud, 220 U. S. 506, 31 S. Ct. 480, 55 L. Ed. 563; Marshall Field & Co. v. Clark, 143 U. S. 649, 12 S. Ct. 495, 36 L. Ed. 294.

Among other rules and regulations promulgated by the Mississippi Unemployment Compensation Commission is regulation 103, which provides:

"(a) Any individual claiming benefits or waiting period credits for total unemployment shall report in person at the public employment office most accessible to him, and there shall on form UC 501(1) register for work, and (2) file a claim for benefits. The claim for benefits shall constitute both the individual's registration for work and his claim for benefits.

"(b) In order to establish eligibility for benefits or waiting period credits for weeks of total unemployment during a continuous period of total unemployment, the claimant shall (1) continue to report at intervals of not less than one week, or at intervals of less than one week when directed to do so by the Commission, at the public employment office at which he registered for work and filed his claim for benefits, and (2) file at such office each week a continued claim for benefits on Form UC 507 (Master Index Claim Card) during waiting period and on Form UC 510 (Continued Claim) during compensable weeks. The continued claim for benefits shall constitute both the individual's registration for work and his claim for benefits."

Moreover, it is conceded by the appellee that the commission had the power to promulgate the foregoing regulation, and it is not contended that the same is arbitrary

or unreasonable. The appellee's position is that the employment office at Meridian waived compliance with the regulation by failing to furnish him the required form of application when he presented his social security card, and by erroneously advising him that he could not obtain the benefits applied for in Mississippi. A sufficient answer to this contention is that if it should be conceded that someone vested with authority to advise the applicant as to his rights in the premises could waive the requirements, the same could not be waived by a mere receptionist in the waiting-room of the office. The requirement contemplated that an applicant should not only present himself at the office to register for benefits, but that he should also continue to report his availability for work, as well as his desire for benefits provided for while unemployed.

We are of the opinion that the appellee has not brought himself within either the terms of the statute or the rules and regulations prescribed thereunder, so as to be entitled to the compensation allowed.

The judgment of the Circuit Court will therefore be reversed, and that of the Board of Review, disallowing the claim, reinstated.

Reversed and judgment here for appellant.