EARLE H. MADISON *vs.* DIRECTOR OF DEPARTMENT OF EMPLOYMENT SECURITY *et al.*

FEBRUARY 26, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition to review the decision of the board of review of the department of employment security denying the claim of Earle H. Madison for benefits under the temporary disability insurance act. After a hearing in the superior court an order was entered reversing the decision of the board. The cause is before us on an appeal therefrom by the department of employment security, hereafter called the department, on an agreed statement of facts.

It appears from the record that on July 9, 1958 claimant

filed a written claim under general laws 1956, §28-41-15, for benefits for the period from April 20 to May 19, 1958. The board of review affirmed the decision of the acting referee of said board denying the claim on the ground that it had been filed after the time limits prescribed in the regulations adopted by the board. The claimant thereafter filed the instant petition in the superior court under the provisions of §§28-41-26 to 28-41-29. The sole issue before the court was the validity of the regulation requiring the filing of such claim within a thirty-day period.

On such issue the superior court sustained the claimant's appeal. It based its decision on the ground that the regulation establishing a thirty-day period within which claims must be filed was a limitation of the right granted to persons entitled to benefits under the statute and that as such, in the circumstances of the instant case, the regulation was void since only the legislature has such power.

The department contends that the regulation in question is a valid exercise of delegable powers; that such regulation is not in violation of the constitutional prohibition against the distribution of power prescribed in article III of the state constitution; that it merely provides the procedure to be followed by persons otherwise eligible for benefits under the act; and that the superior court therefore erred in ruling that the regulation was void.

The only issue before us is the validity of one of the provisions in Regulation X which the director of the department promulgated pursuant to authority purportedly granted by the following provisions of §28-41-15: "Benefit claims shall be filed pursuant to prescribed regulations at an employment office or such other agency as the director may designate. Claims for benefits shall be made in accordance with prescribed regulations."

Regulation X provides that claimants shall file their claims in writing. In paragraph 2, subparagraph (b), which is the provision of the regulation involved in this cause, it

is provided: "Every otherwise eligible claimant who files a claim for waiting period or benefit credits shall be entitled to such for each week of unemployment due to sickness only if * * * the written notice of his claim for benefits is mailed or delivered to the Department of Employment Security within thirty (30) days of the calendar week in which the first day of unemployment due to sickness occurs * * *."

It is undisputed that the claimant was otherwise eligible for benefits under the act. The narrow issue presented for determination is whether, under the peculiar language of §28-41-15, the department has the power to fix a time limit on a claimant's remedy to secure rights granted to him by an act of the legislature. The issue is one of novel impression. No case in point has been called to our attention.

The department has cited the case of *Unemployment Compensation Comm'n* v. *Barlow,* 191 Miss. 156, as one comparable in all respects with the instant case. That case is not in point. The issue in question here was not a justiciable one in that case, since the employee conceded that the commission had power under the Mississippi statute to promulgate the regulation as to time limitation and there was no contention that such regulation was arbitrary or unreasonable. The question of the validity of the regulation fixing a time limitation was not passed upon.

It is well established that certain legislative authority is delegable to administrative officers and departments under certain conditions. See 16 C.J.S. Constitutional Law §133. But because of the narrow issue before us we do not think it is necessary to discuss the doctrine of delegable legislative authority or the cases cited by the department relating to such doctrine. In our opinion the power delegated under §28-41-15 by the legislature to the director of the department of employment security to prescribe procedural rules and regulations to carry out the intent and purpose of the act does not include the authority to limit

the time within which a claim must be filed by a claimant otherwise eligible to receive benefits under the act.

The legislature unquestionably has the power to fix a time limitation within which claims must be filed. Implicit in the power to create rights is the power to limit or restrict such rights. There is, however, no such time limitation in the statute. Notwithstanding the absence of such provision, the legislature has the power to delegate to administrative departments or officers the authority to fix time limitations within standards or definite limits prescribed by the legislature. No such limited power has been delegated to the director by §28-41-15. To decide otherwise would be reading into the statute something which is not there.

The provision in question cannot be upheld as a valid exercise of the power admittedly delegated to the director to prescribe procedural rules and regulations. The fixation of a time limit on the claimant's remedy limits and restricts his substantive right to benefits under the statute. This is more than a mere administrative procedural regulation. It is a regulation limiting rights created by the legislature. In the absence of a valid delegation of power by the legislature, the department of employment security is without authority to limit the claimant's remedy by establishing a regulation limiting the time within which the claimant must file a claim for benefits. The provision in question is therefore void.

The appeal of the department of employment security is denied and dismissed, the order appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Halpert & Beaver, Kenneth M. Beaver,* for claimant.

*Marshall B. Marcus, Francis A. Burns, Everett C. Sammartino,* for Department of Employment Security.